IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY BOATWRIGHT**                                                                  **PETITIONER**

**V.**                                               **CIVIL ACTION NO. 3:21CV245 CWR-LGI**

**WARDEN STEVEN REISER, et. al**                                   **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Larry Boatwright filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, while incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi. Petitioner, who has since been released, contends that the Bureau of Prisons ("BOP") has failed to credit him with Earned Time Credit under the First Step Act of 2018. If properly credited, Boatwright contends that he would be transitioned from home confinement to supervised release, allowing him to care for his elderly parents. Respondent asserts that the petition should be dismissed, however, because Boatwright's claims were not ripe at the time of filing, and he failed to exhaust his administrative remedies. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons below.

The First Step Act provides that eligible inmates may earn First Step Act Time Credits towards pre-release custody (*i.e.*, home confinement or halfway house placement), or an early transfer to supervised release, if they successfully complete BOP approved "evidence-based recidivism reduction programs or productive activities" that

are assigned to the inmate based on the inmate's risk and needs assessment. 18 U.S.C. § 3621(h)(2). As noted, Boatwright asserts that he is entitled to habeas relief because BOP failed to apply earned time credits under the First Step Act. But most courts considering this issue agree that BOP was not required to apply earned time credits until the period for phasing in the First Step Act expired on January 15, 2022. 18 U.S.C. § 3621(h)(4); *Hills v. Carr*, No. 4:21-CV-737-P, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (citing cases). Because Boatwright filed the instant petition before January 15, 2022, Respondent asserts that Boatwright's claims were not ripe at the time of filing and should be dismissed as premature. *See, e.g.*, *Llewlyn v. Johns*, No. 5:20-CV-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted,* No. 5:20-CV-77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) (providing "[b]ecause the First Step Act does not require actual implementation for each inmate until January 2022, the [petitioner] is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe."). Moreover, since filing his petition, Boatwright, by his own admission, has now transitioned from home confinement to supervised release. Though this would appear to moot his request for relief, he has filed a "notice of supplemental authority" asserting that his supervised release could be terminated if earned time credits were applied.

But Boatwright does not dispute that his claims were premature at the time of filing. Nor has he demonstrated that he fully exhausted his administrative remedies before filing. An inmate challenging the computation and execution of his sentence must complete all steps in the administrative remedies process before filing a 28 U.S.C. § 2241

2

habeas petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (petitioner must exhaust his FSA claim concerning Earned Time Credit with the BOP before filing federal habeas petition). *See also Taylor v. Warden, FCI Beaumont*, No. 1:20-CV-492, 2021 WL 3924082, at *2 (E.D. Tex. July 28, 2021), *report and recommendation adopted,* No. 1:20-CV-492, 2021 WL 3912744 (E.D. Tex. Sept. 1, 2021) (same). This is so even when the inmate may be entitled to immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 494–95, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). It is not enough to merely initiate the grievance process. Petitioners must pursue the "grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019).

Relevant here, Respondent notes that Boatwright never availed himself of the BOP's Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). [1] In support, Respondent submits Boatwright's administrative history and an affidavit from Lisa Singleton, a Deputy Case Management Coordinator at FCC Yazoo with access to

---

[1] 28 C.F.R. § 542.10–542.19 establishes a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

3

and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A search of Boatwright's administrative remedies history reveals that he "did not file any remedy requests concerning the First Step Act of the Bureau's policy concerning the calculation or application of Earned Time Credits."

It is well-settled, however, that when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," an inmate need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate shows an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

Boatwright has not shown or even alleged that administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62. For this reason, and for the other reasons asserted, the undersigned recommends that the instant petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 29, 2023.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE